USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 09/08/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------X

In the Matter of the Claim of D.M., an infant, by her Father And Natural Guardian, JULIO CEASAR MORALES, and JULIO CEASAR MORALES Individually,

Plaintiffs,

-against-

Monroe-Woodbury Central School District, The Board of Education of Monroe-Woodbury Central School District, Monroe-Woodbury High School, Jason McElroy, Dylan Ferrier, Leslie Dimas and Jane and John Doe(s) 1-4,

Defendants.

---------------------------------------------------------------------X

26-cv-00306 (NSR)
OPINION & ORDER

NELSON S. ROMÁN, United States District Judge:

Plaintiff Julio Ceasar Morales, on behalf of his infant child D.M. and himself, commenced the instant action in New York State Supreme Court, Orange County, asserting multiple claims against the Monroe-Woodbury School District and several of its employees arising from an incident which took place on or about October 31, 2024, at the Monroe-Woodbury High School where D.M. is a student. (ECF No. 1, Exh. 1.) By Notice of Removal, dated January 13, 2026, Defendants removed the action to this Court, the U.S. District Court for the Southern District of New York, pursuant to 28 U.S.C. § 1446, on the basis that the Plaintiffs asserted claims sounding in alleged violation of the U.S. Constitution. *See* 28 U.S.C. § 1331. (ECF No. 1.) Presently before the Court is Plaintiffs' motion seeking to remand the action back to New York State Supreme Court. (ECF No. 10.) For the following reasons, the motion is GRANTED.

## PROCEDURAL BACKGROUND

Plaintiffs commenced the instant action in New York State Supreme Court on or about November 13, 2025. (ECF No. 1, Exh. 1.) Defendants removed the action from state court to federal court on or about. January 13, 2026. (ECF No. 1.) Plaintiffs served and filed their motion seeking remand on or about February 11, 2026. (ECF No. 11.) Defendants filed their opposition papers on April 29, 2026. (ECF No. 16.) Plaintiffs filed their reply papers on the same day. (ECF No. 15.)

## LEGAL STANDARDS

A defendant may remove “any civil action brought in a State court of which the district courts of the United States have original jurisdiction . . . to the district court of the United States for the district and division embracing the place where such action is pending.” 28 U.S.C. § 1441(a). “Removal jurisdiction must be strictly construed, both because the federal courts are courts of limited jurisdiction and because removal of a case implicates significant federalism concerns.” *In re NASDAQ Mkt. Makers Antitrust Litig*., 929 F.Supp. 174, 178 (S.D.N.Y.1996).

“[A]ny party or the court sua sponte, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction.” *United Food & Comm. Workers Union, Local 919, AFL–CIO v. Centermark Props. Meriden Square, Inc*., 30 F.3d 298, 301 (2d Cir. 1994) (internal citations omitted). 28 U.S.C. § 1447(c) provides “[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.” On a motion for remand, “the party asserting federal jurisdiction bears the burden of proving that the case is properly in federal court.” *Veneruso v. Mount Vernon Neighborhood Health Ctr*., 933 F. Supp. 2d 613, 618 (S.D.N.Y. 2013).

Federal district courts have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. For purposes of 28 U.S.C. § 1331, a case arises under federal law if the "well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Bay Shore Union Free Sch. Dist. v. Kain*, 485 F.3d 730, 734 (2d Cir. 2007) (quoting *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006)). Unlike 28 U.S.C. § 1332, which governs diversity jurisdiction, 28 U.S.C. § 1331 does not require a plaintiff's claim to meet a threshold amount in controversy. *Mims v. Arrow Fin. Servs.*, LLC, 565 U.S. 368, 377 (2012). Additionally, federal counterclaims cannot form the basis for establishing federal jurisdiction. *See Prop. Clerk, New York City Police Dep't v. Fyfe*, 197 F. Supp. 2d 39, 41 (S.D.N.Y. 2002)

**DISCUSSION**

In support of their motion for remand, Plaintiffs characterize the nature of their claims as "a school negligence action to recover damages for personal injuries, and violations of [the infant's] constitutional, civil, and human rights of the state of New York." (*See* ECF No. 10, Mem. of Law in Support at 1.) However, a thorough review of the factual allegations contained in Plaintiffs' original pleading suggest that Plaintiffs did not limit their claims to mere violations of state laws and the state constitution but also included federal claims sounding in violation of federal statutes, such as 42 U.S.C. § 1983, and the U.S. Constitution. (*See* ECF No. 10, Exh. 1, Verified Complaint.) Additionally, although artfully phrased, Plaintiffs' pleading makes specific references to the U.S. Constitution, including that the minor D.M. was unlawfully searched and seized in violation of the New York State Constitution and the United States Constitution. (*See id.* at ¶¶ 79, 115, 137,138.) Notably, in further support of their motion for remand, Plaintiffs submit a

document denominated as a "Notice of Withdrawal," wherein they affirmatively represent that they "withdraw their Federal Constitutional claims against defendants herein, and only pursues their New York State claims against defendants."[1] (*See* ECF No. 10, Exh. D.)

In opposition to the motion, the Defendants assert that Plaintiffs' complaint is unambiguous and clearly asserts federal claims under the U.S. Constitution and claims sounding in violation of federal law, including claims pursuant to *Monell v. Dep't of Soc. Servs. of City of New York,* 436 U.S. 658 (1978). (*See* ECF No. 16., Mem. of Law in Opposition at 3-5.) Defendants further assert that given Plaintiffs' assertion of federal claims in the original complaint, removal to federal court was proper. (*See id.* at 3-5.) Although Defendants acknowledge that Plaintiffs have filed a notice withdrawing all federal claims, they suggest that the Court should disregard Plaintiffs' withdrawal of the federal claims due to Plaintiffs' failure to file an amended pleading. (*See id.* at 6.)

Although Defendants correctly assert that removal to federal court was proper, the current circumstances warrant remand. Where a plaintiff clearly and unequivocally states that he is not pursuing any federal claim(s), remand should be granted. *See De Masi v. Countrywide Home Loans, Inc.*, No. 08-cv-546, 2009 WL 111598, at *2 (S.D.N.Y. Jan. 12, 2009). Similarly, although it is not "a mandatory rule to be applied inflexibly in all cases, . . . in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988); *see also In re Merrill Lynch Ltd. P'ships Litig.*, 154 F.3d 56, 61 (2d Cir. 1998) (per curiam).

---

[1] Plaintiffs also attach a copy of a proposed Amended Complaint wherein they assert no federal claims and only raise state claims. (*See* ECF No. 15, Reply Mem. of Law, Exh. A.)

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion to remand is GRANTED. The Clerk of Court is respectfully directed to remand the action back to New York State Supreme Court, Orange County and to terminate the motion at ECF No. 10.

Dated: September 8, 2026
White Plains, New York

SO ORDERED:



NELSON S. ROMÁN
United States District Judge